IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID WRIGHT, *Plaintiff*, v. THE CITY OF CHICAGO; KENNETH BOUDREAU; JAMES CASSIDY; J. GANDURSKI; JOHN HALLORAN; RICHARD ZULEY; STEVEN KLACZYNSKI; and COOK COUNTY, ILLINOIS, *Defendants*. | Case No. 1:24-cv-02466 Hon. John F. Kness, District Judge Hon. Young B. Kim, Magistrate Judge JURY TRIAL DEMANDED |

## JOINT STATUS REPORT

Pursuant to this Court's order, the parties jointly submit the following status report concerning initial written discovery.

**1) Dates of Initial Disclosures**

- Plaintiff – August 2
- City of Chicago – August 9
- CPD Officer Defendants – August 7
- Steven Klaczynski – August 2

**2) Dates of Service of Written Discovery**

- Plaintiff – September 9
- City of Chicago – September 20
- CPD Officer Defendants – September 20
- Steven Klaczynski – September 20

**3) Dates of Service of Responses to Written Discovery**

- Plaintiff – November 1
- City of Chicago – October 25
- CPD Officer Defendants – October 25
- Steven Klaczynski – October 25

### 4) Supplemental Document Production

Both Plaintiff and Defendant Klaczynski have both made several supplemental document productions following initial disclosures that include the IDOC master file, transcripts from post-conviction proceedings, and documents responsive to discovery requests.

### 5) November 22, 2024 Meet and Confer and Follow-Up

On November 15th, Plaintiff sent a letter identifying alleged deficiencies in discovery responses provided by all defendants. On November 20th, Defendant Klaczynski sent a letter to Plaintiff identifying alleged deficiencies in discovery responses provided by Plaintiff. Neither the City nor Defendant Officers sent written correspondence on written discovery before the November 22, 2024 conferral.

As ordered, on November 22nd, the parties had a lengthy meet and confer— nearly 2 hours—about the substance of all parties' written discovery and narrowed substantially the number of issues that were outstanding.

### *Contention Interrogatory Issues*

Among other things, the parties agreed that setting a date toward the end of discovery for amended responses to contention interrogatories would be appropriate. Plaintiff respectfully requests this Court set a discovery deadline in the case so that the parties can make firm plans for the completion of discovery in this matter.

Plaintiff agreed to provide supplemental responses to certain interrogatories served by Defendants Boudreau and Klaczynski. Plaintiff served those responses on December 16, 2024.

### *Monell/404(b), File Production Issues and Protective Order*

Plaintiff and the City of Chicago are still in the process of conferring about Plaintiff's *Monell* claims, and whether *Monell* discovery will be required in this case beyond a 30(b)(6) deposition. Plaintiff and Defendant Officers believe these discussions, once finalized, will further their discussions about the scope of FRE 404(b) evidence Plaintiff intends to use against certain Individual Defendant (the subject of which is addressed by interrogatories issued by Defendant Halloran), which, in turn, will require supplemental disclosures by Defendant Officers as to 404(b) evidence. The parties believe they can continue to work on these issues as discovery progresses and there are no issues ripe for court intervention at this time.

From Plaintiff's perspective, a significant factor in the *Monell* discussions pertains to the City's file production concerning the underlying homicide investigation in this case. The City has documents it intends to produce in this case but will not do so until a protective order is issued. The parties disagree about the scope of a proposed protective order and review periods by Plaintiff as to certain subpoena respondents. Plaintiff asked that any documents be produced confidential while any protective-order litigation is pending, but the City has declined the offer. The parties agree that impasse has been reached on these issues, and so this Court should set a deadline for submissions on the protective order.

Plaintiff has also requested maps or layouts of Area One Detective Division (where Plaintiff was interrogated) in 1994. The City is continuing to search for such documents.

Plaintiff has sought pictures of the Defendants at around the time of the interrogation for use at trial. The parties have agreed to defer this discovery until a later stage of the case.

### *CCSAO Subpoena Issue*

A number of subpoenas have been sent to the Cook County State's Attorney's Office (CCSAO). The CCSAO has returned a "no records" letter to both Plaintiff and Defendant Klaczynski about this issue. Plaintiff's best guess is that by operation of the Certificate of Innocence, Plaintiff's records pertaining to the underlying criminal prosecution were placed under seal. If that is the case, the parties may need to seek an order from the criminal court judge to permit discovery of the sealed files. The parties are working cooperatively to try to determine whether that is the case.

**6) City Letter to Plaintiff**

On December 5, 2024, the City sent a letter to Plaintiff about Plaintiff's document responses. Plaintiff responded on December 17, 2024. The parties are still conferring about the issues in this letter.

**7) Next Steps**

<u>For This Court's Resolution</u>

At current, there are no written discovery disputes for this Court to resolve. That said, the parties have reached impasse concerning (1) entry of a protective order, and (2) entry of a HIPPA/Mental Health order and therefore request that the Court set a deadline for filing of submissions about these issues.

<u>For Plaintiff</u>

Plaintiff requests the City be ordered to produce documents it believes should be marked confidential now rather than waiting for the completion of litigation about the protective order.

In addition, Plaintiff requests this Court set a firm and fulsome discovery schedule in this case, and a schedule that includes dispositive motion deadlines, a trial date, and any other deadlines. From Plaintiff's perspective, these sorts of deadlines are necessary to ensure this case moves forward expeditiously.

Defendants' response is that it is premature to set a "firm and fulsome discovery schedule" given the CCSAO subpoena issues outlined above and ongoing conferral about the status of its file from the underlying criminal prosecution. Until the parties resolve the issue, and without the file, Defendants believe it is premature to proceed to oral discovery or set a firm discovery schedule.

<u>For Defendant City of Chicago</u>

The documents Plaintiff wants the Court to order the City to produce are confidential and highly sensitive. Respectfully, the City should not be required to produce these documents without a confidentiality protective order in place. No discovery schedule has yet been set, and there is no pressing reason for the documents to be produced now. The Court should deny Plaintiff's request to order the City to produce these documents.

Respectfully submitted,

/s/David B. Owens
*Counsel for Plaintiff*
Jon Loevy
Elizabeth Wang
David B. Owens
Loevy & Loevy
311 N. Aberdeen Street 3FL
Chicago, IL 60607
david@loevy.com

/s/Stephen D. Mehr
*Counsel for Defendant Klaczynski*
James M. Lydon
Michael C. Stephenson
Matthew R. Howroyd
Stephen D. Mehr
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606

/s/Stacy A. Benjamin
*Counsel for Defendant Officers*
Eileen E. Rosen

/s/ Jeffrey C. Grossich
*Counsel for City of Chicago*
Kyle T. Christie

4

| | |
|---|---|
| Stacy A. Benjamin | Lisa M. Meador |
| Patrick R. Moran | Claudia C. Fantauzzo |
| Andrew J. Grill | Jeffrey C. Grossich |
| Brittany D. Johnson-Delgado | Jim G. Sotos |
| Rock Fusco & Connelly, LLC | Sotos Law Firm, P.C. |
| 333 W. Wacker Drive, Suite 1900 | 141 W. Jackson, Blvd. 1240A |
| Chicago, IL 60606 | Chicago, IL 60602 |
| (312) 494-1000 | (312) 735-3310 |
| sbenjamin@rfclaw.com | jgrossich@jsotoslaw.com |

/s/Joseph Hodal
*Counsel for Cook County*
Joseph A. Hodal
Miguel E. Larios
Cook County State's Attorney's Office
50 West Washington Street, Ste 500
Chicago, IL 60602
(312) 603-5527
joseph.hodal@cookcountysao.org

**CERTIFICATE OF SERVICE**

  I, David B. Owens, an attorney, certify that on December 20, 2024, I filed the foregoing document via the Court's CM/ECF system, effecting service on all counsel of record.

                 /s/David B. Owens
                 Counsel for Plaintiff

6